[Civ. No. 15358. First Dist., Div. Two. May 27, 1953.]

EMMA H. HARRIGAN et al., Appellants, v. WILLIAM CHAPERON, Respondent.

Rettig & Dunn for Appellants.

Allan Sapiro, Warren Sapiro and Leonard J. R. Davis for Respondent.

NOURSE, P. J.—Plaintiffs sued for damages caused by a fire in a portion of a building owned by them and leased in part to defendant. The theory of their action was that the fire was caused by an employee of defendant while working on a motor vehicle with a welding torch thereby causing gasoline spilled on the floor to become ignited. The fire occurred December 7, 1945; the complaint was filed July 1, 1948; the cause was tried September 20, 1951. Possibly be-

cause of this delay no witness to the fire was produced. The trial was held by the court without a jury. The defendant appeared without counsel. Judgment went for the defendant on findings that plaintiffs had failed to prove actionable negligence.

■ The appeal rests on the sufficiency of the evidence to support these findings. Appellants rest upon the testimony of a city fire inspector who arrived after the fire was "well under control" and "would not have been" in progress at the time. His testimony was based wholly on statements he had received from another member of the fire department and the report stated:

"Evidence reveals that Harry Price a welder had been working on the back of a Yellow Taxi Lic BE PC CC 709 with a welding torch when the sparks ignited some gasoline spilt on the floor from the cab which had been jacked up on the side opposite the gasoline intake allowing gasoline to spill on the floor causing a spark from the welders torch to ignite it and cause the fire."

The evidence does not disclose and no testimony was offered tending to show what the "evidence" was that revealed these facts. It was purely a hearsay statement on the part of the inspector, and the trial court so construed it. The burden of proof was on appellants to show negligence and, if the fire was caused in the manner stated in the report it was the burden of appellants to prove it.

■ Appellants cite section 1920, Code of Civil Procedure, providing that certain entries in official books are primary evidence of the facts stated therein. That section would be applicable here if the inspector's report contained any statement of facts. Here the statement contains nothing more than a hearsay rumor based on information from an undisclosed source.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied June 26, 1953, and appellants' petition for a hearing by the Supreme Court was denied July 22, 1953.